UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIE SIMMONS, JR., Individually and as Parent of his child, WILLIE SIMMONS, III., DECEASED, VANESSA PENSON, Individually and as Parent of her child, WILLIE SIMMONS, III., DECEASED, CHARLENE DENISE RAMIREZ, Individually and as Parent of AMANDA DENISE BRODERICK, DECEASED, and as an HEIR of ALYSSA MARIE RAMIREZ, DECEASED, and on behalf of CAYDEN NICHOLAS BRODERICK, now CAYDEN PAUL RAMIREZ, a minor child, EDWARD EUGENE RAMIREZ, Individually and as Parent of AMANDA DENISE BRODERICK, DECEASED and as an HEIR of ALYSSA MARIE RAMIREZ, DECEASED, and on behalf of CAYDEN NICHOLAS BRODERICK, now CAYDEN PAUL RAMIREZ, a minor child, *Plaintiffs*, <br><br> v. <br><br> STEPHEN BRODERICK, TRAVIS COUNTY, TRAVIS COUNTY SHERIFF'S DEPARTMENT, SHERIFF SALLY HERNANDEZ, ADVOCATE FOR ALL, LLC and SHERITA LYNCH, *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:23-CV-432<br>JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Page 1 of 11

NOW COMES Plaintiffs WILLIE SIMMONS, JR., Individually and as Parent of his child, WILLIE SIMMONS, III., DECEASED, VANESSA PENSON, Individually and as Parent of her child, WILLIE SIMMONS, III., DECEASED, CHARLENE DENISE RAMIREZ, Individually and as Parent of AMANDA DENISE BRODERICK, DECEASED, and as an HEIR of ALYSSA MARIE RAMIREZ, DECEASED, and on behalf of CAYDEN NICHOLAS BRODERICK, now CAYDEN PAUL RAMIREZ, a minor child, EDWARD EUGENE RAMIREZ, Individually and as Parent of AMANDA DENISE BRODERICK, DECEASED and as an HEIR of ALYSSA MARIE RAMIREZ, DECEASED, and on behalf of CAYDEN NICHOLAS BRODERICK, now CAYDEN PAUL RAMIREZ, a minor child, (hereinafter sometimes collectively referred to as "Plaintiffs") and hereby file this Original Complaint complaining of Defendants STEPHEN BRODERICK, TRAVIS COUNTY, TRAVIS COUNTY SHERIFF'S DEPARTMENT, SHERIFF SALLY HERNANDEZ, ADVOCATE FOR ALL, LLC and SHERITA LYNCH, and for causes of action would show the Court the following:

## I.

## INTRODUCTION

1.1    This action lies in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) as the events giving rise to Plaintiffs' claims occurred substantially in that district.

1.2    All conditions precedent have been performed or have occurred.

1.3    This action seeks damages, attorneys' fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas.

1.4    Plaintiffs, by counsel, brings this action for damages and other legal and equitable relief for Defendants', jointly and severally, violations of 42 U.S.C. §1983 and the laws of the State of Texas.

## II.

## THE PARTIES

2.1    Plaintiffs are individuals who can be served through counsel.

2.2    Defendant STEPHEN BRODERICK can be served as his last known address, TDCJ No. 02410941, SID No.: 10364722, Texas Department Criminal Justice, Facility:  Ramsey I, 1100 FM 655, Rosharon, Texas  77583.

2.3    Defendant TRAVIS COUNTY can be served by serving Judge Andy Brown, 700 Lavaca, Suite 2300, Austin, Texas 78701

2.4    Defendant TRAVIS COUNTY SHERIFF'S DEPARTMENT can be served by serving Judge Andy Brown, 700 Lavaca, Suite 2300, Austin, Texas 78701

2.5    Defendant Sheriff Sally Hernandez can be served at Central Command, 5555 Airport Boulevard, Austin, Texas 78751.

2.6    Defendant ADVOCATE FOR ALL, LLC can be served by serving Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

2.7    Defendant SHERITA LYNCH is an individual who can be served at 9600 Great Hills Trail, Suite 150W, Austin, TX 78759

## III.

## FACTS

3.1    On April 18, 2021 at approximately 11:42 a.m. Defendant Stephen Broderick, a former Travis County Sheriff deputy shot and murdered Amanda Broderick, Alyssa Broderick and

Willie Simmons, III in a parking lot near 9600 Great Hills Trail.

3.2     Stephen Broderick's son Cayden Nicholas Broderick, now Cayden Paul Ramirez, who was nine years old at the time, witnessed at least part of the shooting and ran away and thankfully survived.

3.3     A witness who was driving by, saw Cayden who flagged her down, ran up to the vehicle and asked her to call 911. She then drove away from the scene with Cayden in her car.

3.4     Stephen Broderick had wrecked his car into the one being driving by Cayden's mother, Amanda Broderick in the parking lot. Stephen Broderick then shot Amanda Broderick, her daughter Alyssa Broderick, and Alyssa's boyfriend, Willie Simmons, III, killing all three of them.

3.5     Previously on June 3, 2020, Alyssa had reported that on May 28, 2020 her adoptive father Stephen Broderick had sexually assaulted her on numerous occasions in the past. Alyssa was 16 at the time of the report. At the time of this report Stephen Broderick was a Travis County Sheriff Deputy. He also had prior military experience and was SWAT trained.

3.6     Shortly after that Stephen Broderick was arrested on June 6, 2020 for sexual assault and Travis County Sheriff's office placed him on administrative leave. He would ultimately resign.

3.7     Amanda was a nurse and a devoted mother, always cheering her daughter Alyssa from the stands.

3.8     Alyssa was a good student and a standout on the high school basketball team and had WNBA dreams.

3.9     Willie was a good student who had been recruited to play on scholarship at the University of North Texas and was captain of the Elgin High School football team.

3.10    On March 12, 2013, Stephen Broderick was one of two officers involved in shooting and critically injuring an elderly Del Valle man.

3.11    Sherita Lynch is the owner of Advocate for All who oversaw supervised visits between Amanda and Stephen Broderick regarding Cayden pursuant to a contract with Travis County. An appointment was scheduled to take place at noon on April 18, the day of the murders. Ms. Lynch heard the vehicle collision and the gunshots while she was in the parking lot of a nearby Trader Joe's.

3.12    Ms. Lynch told the police that she "knew" it was Stephen because of the proximity to her work and the history of the case. She told the police that she knew that Stephen was typically armed (in clear violation of his supervisory release conditions) and that she and Stephen had come to an "understanding" that she would leave her firearm in her car and he would leave his in his vehicle whenever there was a supervised visit.

3.13    Ms. Lynch also told police that Stephen had previously "talked about how he sees this ending in a suicide by cop situation."

3.14    The morning after the murders Stephen Broderick was arrested while walking down a road  in Manor, Texas. He had in his possession at the time of the arrest a Polymer 80 gun that did not have a serial number. Given the lack of ballistics tying this gun to the murders in the police report produced by the Austin Police Department pursuant to an open records request, it does not appear as if this was the actual murder weapon.

3.15    Given that he was previously a Travis County Sheriff, Travis County itself would  have undoubtedly known Stephen Broderick had a gun since Travis County itself issued it to him.

3.16    After Stephen Broderick was arrested for sexual assault on or about June 6, 2020 and

released from jail on June 22, 2020, the Ramirez Plaintiffs were told that Stephen Broderick was supposedly allowed to relinquish his firearms to his brother, Akeel Broderick, who was also a Travis County Sheriff's officer. If true, this is extremely unusual. It is also a violation of the conditions of his release from jail where he was supposed to surrender all his firearms to the Travis County District Attorney along with an affidavit stating he had completely surrendered all firearms. Apparently the District Attorney has no record of an inventory of guns from Stephen Broderick.

3.17    The Ramirez family was also told that the murder weapon had not been found. It is unclear what Travis County did, if anything, to ensure that Stephen Broderick did not possess any guns prior to the murder, including his gun issued by Travis County itself. It is also unclear what investigation took place into actually finding the murder weapon if it was in fact not the Polymer 80.

3.18    Broderick pled guilty to three counts of murder on September 13, 2022 and was given a life sentence. The sexual assault charges were apparently dismissed.

**IV.**

**CAUSES OF ACTION**

4.1    The allegations contained in Paragraphs 3.1 through 3.18 inclusive are hereby incorporated by reference for all causes of action.

**Count One - Assault and Murder**

4.2    Defendant Stephen Broderick assaulted and murdered Amanda, Alyssa and Willie. He has pled guilty to this. He is therefore liable for their deaths and for Plaintiffs' damages as detailed below.

### Count Two - Wrongful Death and Negligence

4.3     Plaintiffs are bringing this wrongful death claim against Defendants Advocate for All, LLC and Sherita Lynch pursuant to Chapter 71, Subchapter A of the Texas Civil Practice & Remedies Code, whose acts and omissions as more fully described above caused the tragic deaths of Amanda, Alyssa and Willie. Defendants are therefore liable for all of Plaintiff's damages, as more fully set forth below.

4.4      Defendants Advocate for All, LLC and Sherita Lynch owed a duty of reasonable care. Defendants breached that duty and were negligent by the following actions and inactions that led to Amanda, Alyssa and Willie's untimely death:

    (A)     failing to properly supervise and monitor Stephen Broderick including knowing he had a weapon;

    (B)     failing to warn of the dangers that Stephen obviously presented; and

    (C)     other acts of negligence.

4.5     Such negligence and negligence per se was a proximate cause of Plaintiffs' damages, as more fully set forth below.

### Counts Three - Survival Claims

4.6     Plaintiffs are legal representatives of the estates of the deceased as statutory heirs. Charlene Ramirez has been appointed a legal representative. The deceased had causes of action for personal injury to their person before they died as described below, including the sexual abuse, and would have been entitled to bring an action for the injuries they suffered as a result of these actions if they had lived. Defendants' wrongful conduct caused the deceased's injuries, including substantial pain and mental anguish suffered prior to their deaths, and as such Defendants are liable for those injuries

as further set forth below.

## Count Four - Sexual Assault and Abuse

4.7     Defendant Stephen Broderick intentionally sexually abused Alyssa.

4.8     As a direct result of the intentional acts of Stephen Broderick, Alyssa suffered physical and emotional damages prior to her death, including pain and suffering and emotional distress.

## Count Five - Intentional Infliction of Emotional Distress

4.9     Defendant Stephen Broderick intentionally inflicted emotional distress on Alyssa.

4.10    As a direct result of the intentional, acts of Stephen Broderick, Alyssa suffered physical and emotional damages prior to her death, including pain and suffering and emotional distress.

## Count Six - Bystander Claim

4.11    Plaintiffs bring a bystander claim on behalf of Cayden who witnessed the murders. Plaintiffs bring the claim on his behalf because he is a minor. He is entitled to damages as listed below.

## Count Seven - Violations of Section 1983

4.12    The Civil Rights Act of 1871 (formerly known as the Ku Klux Klan Act), now codified as 42. U.S.C. §1983 as federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person with the jurisdiction thereof to the deprivation of any laws, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

42. U.S.C. §1983.

4.13    Defendants were acting under "color of law" when the acts described above occurred.

4.14    The death of Amanda, Alyssa and Willie was a foreseeable consequence of Travis County's

failure to ensure that Stephen Broderick no longer possessed a weapon including the one issued by Travis County itself. Travis County apparently allowed the gun to be maintained in the possession of Stephen Broderick's brother, which is tantamount to allowing Stephen Broderick to possess it himself.

4.15    As a result of these wrongful acts of Defendants, Plaintiffs have been caused to suffer substantial damages including the death of their daughter, son and granddaughter, emotional injury in the past and future, loss of companionship and society, mental distress, and the mental anguish suffered by the deceased prior to their death.

4.16    Pursuant to the Civil Rights Attorney's Fee Award Act, 42 U.S.C. §1988, a prevailing party in a Section 1983 case is entitled to recovery of attorneys' fees. Therefore, Plaintiffs further pray for all costs, expert fees, and attorneys' fees associated with bring this case through trial and any appeal if necessary.

## V.

## DAMAGES

5.1    As a result of Defendants' act and omissions as set forth above, Plaintiffs have suffered actual damages in excess of the jurisdictional limits of this Court. Plaintiffs bring this lawsuit against Defendants for recovery of loss of companionship and society and Plaintiffs' mental anguish caused by the deaths. Plaintiffs further bring suit on behalf of the estates of the deceased for the injuries they suffered prior to their death, including substantial pain and suffering and mental anguish they suffered prior to their death.

## VI.

## PUNITIVE DAMAGES

6.1     Defendants have acted with malice or reckless indifference to the deceased and Plaintiffs' rights. Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiffs, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial. Therefore, Plaintiffs additionally bring suit for punitive damages and exemplary damages.

## VII.

### ATTORNEYS' FEES AND EXPERT FEES

7.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. Plaintiffs bring suit for these fees from Defendants. Plaintiffs seek all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal and post-judgment discovery and collection in the event execution on the judgment is necessary.

## VIII

### JURY DEMAND

8.1     Plaintiffs have demanded a trial by jury of all the issues and facts in this case and have tendered the requisite jury fee.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiffs have Judgment against Defendants, jointly and severally, as requested above, and as follows:

1. Judgment against Defendants for all damages alleged in this petition;

2. Interest before and after judgment at the highest rate provided by law, until paid;

3. Costs of suit;

4. Reasonable and necessary attorneys' fees and expert witness fees;

5. Punitive damages; and

6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone

*/s/ John F. Melton*
John F. Melton
Email:  Jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEY FOR PLAINTIFF WILLIE SIMMONS, JR., AND VANESSA PENSON

AND

*/s/ Bruce Perryman*
Bruce Perryman
Email:  bplaw9845@sbcglobal.net
State Bar No.:  15810550
Law Office of Bruce Perryman
100 North 6th, Suite 504
Waco, Texas 76701
P.O. Box 146
Waco, Texas 76703
254-754-3113 - office
972-825-7271 - cell
ATTORNEYS FOR PLAINTIFFS:
CHARLENE DENISE RAMIREZ,
EDWARD EUGENE RAMIREZ, ET AL

Dated: April 18, 2023.